UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.         **MEMORANDUM OF LAW & ORDER**
      Criminal No. 19-cr-64 (MJD/ECW)

Michael A. Miller,

        Defendant.

Samantha E. Bates, Assistant United States Attorney, Counsel for Plaintiff.

Defendant Michael A. Miller is *pro se*.

## I. INTRODUCTION

This matter is before the Court on Defendant Michael A. Miller's Motion for Judicial Recommendation to the Federal Bureau of Prisons. (Doc. 270.) For the reasons stated below, the Court will deny Defendant's Motion.

## II. BACKGROUND

On October 27, 2021, Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 248.) On December 20, 2021, the Court sentenced Defendant to a term of 60 months

1

imprisonment.  (Doc. 265.)  Defendant is currently incarcerated at FCI-Oxford in Wisconsin with a projected release date of May 11, 2023.

Defendant has now filed a motion requesting that the Court recommend to the BOP that he be placed in a Residential Reentry Center ("RRC") followed by home confinement for the 12 months preceding his release from confinement.  (Doc. 270.)

### III.  DISCUSSION

By statute, "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  The BOP

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>
> [among other things]
>
> (4) any statement by the court that imposed the sentence –
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate. . . .

Id.

The Second Chance Act provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

The Court has the authority to issue a non-binding recommendation to the BOP regarding a defendant's placement in an RRC or home confinement. See, e.g., United States v. Booker, No. CR 13-3 (JRT/FLN), 2018 WL 2247261, at *2 (D. Minn. May 16, 2018) (gathering cases); United States v. Van, No. CR 07-102 (MJD/JJG), at Doc. 110 (D. Minn. Mar. 9, 2022).

Defendant requests that the Court recommend that he placed in an RRC followed by home confinement for the 12 months preceding his release. He asserts that such placements would give him the opportunity to become a productive member of society and a better husband, father, and son to his family. Defendant also notes that, while in custody, he has worked toward his goals of staying sober and preparing to provide a stable home for his family. He has participated in various programs to assist him in achieving these goals.

The work Defendant has done to better himself while in custody is admirable and the Court commends Defendant for the progress he reports

3

making. However, the Court declines to give a recommendation regarding the ideal length of Defendant's placement in an RRC or home confinement. While the Court has authority to issue a non-binding recommendation to the BOP regarding RRC placement, "the cases where sentencing courts have elected to exercise their discretion to issue a recommendation involve unique evidence." Booker, 2018 WL 2247261, at *2. The evidence Defendant has provided does not rise to this level. Moreover, the BOP is in a better position than the Court to assess Defendant's request for community-based placement for a specific amount of time.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

Defendant Michael A. Miller's Motion for Judicial Recommendation to the Federal Bureau of Prisons (Doc. 270) is **DENIED.**

Date: November 3, 2022            s/Michael J. Davis
                                  Michael J. Davis
                                  United States District Court